UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS, | CASE NO.   1:11-cv-00257-GBC (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | |
| DR. REEVES, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

Plaintiff Michann Meadows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 14, 2011 and consented to Magistrate Judge jurisdiction on February 28, 2011.  (ECF Nos. 1 & 8.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, this Court finds that Plaintiff has not stated any claims upon which relief may be granted.

1

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of the Eighth Amendment. Plaintiff names the following individuals as Defendants: Dr. Reeves, CMO Heyne, and Dr. O. Okerske.

Plaintiff alleges as follows: Plaintiff had a pelvic exam conducted by Defendant

Reeves. A nurse was also present. During the exam, he jiggled his fingers while they were inside of Plaintiff's vagina. Plaintiff yelled for him to stop. Defendant Reeves then pushed his fingers into Plaintiff's vagina harder. Plaintiff was crying and started bleeding. The nurse gave Plaintiff a pad and advised Plaintiff to file a grievance.

Plaintiff requests monetary damages and proper medical care by a female gynecologist.

## IV.  ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.  Eighth Amendment Claim

Plaintiff appears to be making an argument that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

> "The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.' Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). However, the Supreme Court has clearly and repeatedly held that 'when prison officials maliciously and sadistically use force to cause harm contemporary standards of decency are always violated.' Hudson, 503 U.S. at 9. In such cases, no lasting physical injury is necessary to state a

cause of action. Rather, the only requirement is that the officer's actions be 'offensive to human dignity.' Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991)."

Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

"Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society." Id. at 1197 (citations omitted). A sexual assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply "offensive to human dignity." Felix, 939 F.2d at 702. Therefore, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary standards of decency and the Eighth Amendment. See Calhoun v. Detella, 319 F.3d 936, 939 (7th Cir. 2003).

The standard for a showing of uninvited sexual contact between a prison official and an inmate that rises to the level of an Eighth Amendment violation is similar to an excessive force claim and has an objective and a subjective component. As explained in Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003):

> [Plaintiff] claims that [Defendant] violated her right to be free from cruel and unusual punishment by using excessive force against her in the form of rape and sexual abuse.
>
> "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" Giron v. Corrections Corp. of America, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting Hudson, 503 U.S. at 8) (internal quotation omitted) (alteration in original). The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8. "The subjective element of an excessive force claim

4

'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Giron, 191 F.3d at 1289 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim.

Plaintiff alleges that Defendant Reeves behaved improperly during a pelvic examination. As currently pleaded, these allegations are too vague to allow the Court to make a determination as to whether Defendant Reeves violated Plaintiff's Eighth Amendment right to be free from sexual abuse. The allegations on their face appear to show something more than a regular pelvic exam occurred. As is stated above, sexual abuse is repugnant to contemporary standards of decency, and thus the allegation appears to meet the objective component of the test. However, as to the subjective component of the test, Plaintiff's allegations that Defendant Reeves wiggled his fingers inside of Plaintiff and then when she voiced her opposition he continued inserting his fingers with more force are not descriptive enough to allow the Court to make a determination. Accordingly, Plaintiff will be given leave to amend this claim. In her amendment, Plaintiff must describe the incident in greater detail possibly including how Defendant Reeves responded when she yelled at him to stop.

**B.     Inmate Appeal Process Claim**

Plaintiff appears to be alleging that Defendants mishandled her grievance form.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the

5

inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, the Court will not grant Plaintiff leave to amend this claim. Thus, this claim is dismissed.

### C. Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that Defendants Okerske and Heyne are liable for the conduct of their subordinates as neither of them were present or participated in the complained of conduct as described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the

6

unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th

7

Cir. 1978)).

Plaintiff only names Defendant Reeves in her statement of the claims. Plaintiff has not alleged facts demonstrating that either of the, apparently, supervisory Defendants personally acted to violate her rights. Plaintiff needs to specifically link each Defendant to a violation of her rights in her amendment.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In her Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of her rights. Jones, 297 F.3d at 934.

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-257-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    August 4, 2011

UNITED STATES MAGISTRATE JUDGE