# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS, | CASE NO. 1:11-cv-00257-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| DR. REEVES, et al., | |
| Defendants. | |
| / | Doc. 14 |

### I. Procedural History, Screening Requirement, and Standard

On February 14, 2011, Plaintiff Michann Meadows ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 5, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 9. On September 26, 2011, Plaintiff filed a first amended complaint. Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

5  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

6  unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While

7  factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

8    While prisoners proceeding pro se in civil rights actions are still entitled to have their

9  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

10  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

11  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

12  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

13  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*

14  *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

15  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

16    Section 1983 provides a cause of action for the violation of constitutional or other federal

17  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

18  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

19  between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at

20  1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

21  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may

22  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;

23  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

24                          **II. Allegations in Plaintiff's First Amended Complaint**

25    In Plaintiff's first amended complaint, she names Defendants Dr. E. E. Reeves, M.D.

26  Physician / Surgeon, Gynecologist; Central California Women's Facility ("CCWF"); Dr. O. Okereke,

27  M.D. "D" Clinic; Chief Medical Officer Steven Heyne, M.D; California Department of Corrections

28  and Rehabilitation ("CDCR"); and J. Cavazos, Warden. Am. Compl. at 1-4, Doc. 14. Dr. Reeves,

1   Dr. Okereke, Dr. Heyne, and Warden Cavazos were employed at CCWF at the time of the incidents.

2   *Id.* at 4.[1] Plaintiff alleges that she had a gynecological exam by Dr. Reeves. *Id.*[2] Plaintiff alleges she

3   feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.*

4   Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of

5   me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to

6   stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made

7   her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff

8   complaint. *Id.* Plaintiff states that [from her inmate appeals] she has met nothing but stall tactics and

9   a level of hostility through a conspiracy of concealment. *Id.* at 5. Defendants showed nothing but

10  deliberate indifference to this sensitive situation of cruel and unusual punishment. *Id.* For relief,

11  Plaintiff seeks injunctive relief in the form of adequate medical care, arranging for a female

12  gynecologist, terminating Dr. Reeves from employment, and compensatory and punitive damages

13  of ten million dollars against all defendants. *Id.* at 6-7.

14                    **III. Legal Standard and Analysis for Plaintiff's Claims**

15                          **A. Supervisory Liability and Linkage**

16          Under § 1983, Plaintiff must link the named defendants to the participation in the violation

17  at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

18  Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be

19  imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-

20  49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

21  directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

22  880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

23  567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

24  Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or

---

[1] Plaintiff is currently incarcerated at Valley State Prison for Women. Doc. 15.

[2] Plaintiff does not allege the date of the exam in her amended complaint. However, in her prior complaint, she attached the third level response from her inmate appeal, which stated that the exam took place on July 22, 2009. Compl. at 4, Doc. 1.

1   inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence

2   in, an unconstitutional policy may support a claim, the policy must have been the moving force

3   behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.

4   2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,

5   885 F.2d 642, 646 (9th Cir. 1989).

6       Plaintiff alleges an improper exam by Dr. Reeves. Am. Compl. at 4. Thus, simply naming

7   Dr. Reeves, Dr. Okereke, Dr. Heyne, and Warden Cavazos as defendants is insufficient to hold them

8   liable based on their position of authority as Plaintiff has not alleged any facts linking them to acts

9   or omissions, which suggest they participated or directed the violations, or knew of the violations

10  and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the

11  Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Dr. Okereke,

12  Dr. Heyne, and Warden Cavazos based upon supervisory liability.

13                              **B. Eleventh Amendment Immunity**

14      In Plaintiff's amended complaint, she names Central California Women's Facility and

15  California Department of Corrections and Rehabilitation. As state agencies, these defendants are

16  entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d

17  1144, 1147 (9th Cir. 2007). Therefore, the Central California Women's Facility and California

18  Department of Corrections and Rehabilitation are improper defendants in this action and entitled to

19  dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against

20  Central California Women's Facility and California Department of Corrections and Rehabilitation.

21                              **C. Inmate Appeals Process**

22      Plaintiff states that [from her inmate appeals] she has met nothing but stall tactics and a level

23  of hostility through a conspiracy of concealment. Am. Compl. at 5.

24      Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims

25  for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a

26  procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,

27  997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

28  *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

1  appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,

2  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann*

3  *v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

4  interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

5  F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

6  prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997

7  F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief

8  under § 1983 based upon the inmate appeals process.

9  ### D. Eighth Amendment Excessive Force

10  Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff

11  alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr.

12  Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers

13  in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she

14  told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the

15  exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to

16  file a staff complaint. *Id.*

17  The Eighth Amendment protects prisoners from the use of excessive force. "What is

18  necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of

19  the Eighth Amendment] depends upon the claim at issue . . . " *Hudson v. McMillian*, 503 U.S. 1, 8

20  (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

21  to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm

22  always violates contemporary standards of decency, regardless of whether or not significant injury

23  is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment

24  excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not

25  "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S.

26  at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

27  from constitutional recognition *de minimis* uses of physical force, provided that the use of force is

28  not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is

1  . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

2      "[W]henever prison officials stand accused of using excessive physical force in violation of

3  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

4  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

5  *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184

6  (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also

7  be proper to evaluate the need for application of force, the relationship between that need and the

8  amount of force used, the threat reasonably perceived by the responsible officials, and any efforts

9  made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at

10  1184. In considering these factors, prison authorities "should be accorded wide-ranging deference

11  in the adoption and execution of policies and practices that in their judgment are needed to preserve

12  internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting

13  *Bell*, 441 U.S. at 547).

14      "Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and

15  buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their

16  offenses against society." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). A sexual

17  assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply

18  "offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). Therefore,

19  where uninvited sexual contact is totally without penological justification, even though it does not

20  produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary

21  standards of decency and the Eighth Amendment. *See Calhoun v. Detella*, 319 F.3d 936, 939 (7th

22  Cir. 2003).

23      The standard for a showing of uninvited sexual contact between a prison official and an

24  inmate that rises to the level of an Eighth Amendment violation is similar to an excessive force claim

25  and has an objective and a subjective component. As explained in *Smith v. Cochran*, 339 F.3d 1205,

26  1212 (10th Cir. 2003):

27          [Plaintiff] claims that [Defendant] violated her right to be free from
            cruel and unusual punishment by using excessive force against her in
28          the form of rape and sexual abuse.

> "Ordinarily, a excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting *Hudson*, 503 U.S. at 8). The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U .S. at 8. "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Giron*, 191 F.3d at 1289 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).
>
> Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim.

*Smith*, 339 F.3d at 1212. Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff complaint. *Id.* Although Dr. Reeves used force on Plaintiff in the form of his fingers, it appears that the degree of force was necessary for the gynecological exam. Dr. Reeves explained to Plaintiff that he "needed to get around her uterus." Thus, Dr. Reeves had a good faith reason for using a degree of force on Plaintiff during her gynecological exam, and Plaintiff fails to state a claim for Eighth Amendment excessive force against Dr. Reeves.

## E. Eighth Amendment Deliberate Indifference to Serious Medical Need

### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

1  indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

2  1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

3  (en banc)).

4      Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

5  pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d

6  at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or

7  intentionally interfere with medical treatment, or it may be shown by the way in which prison

8  physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay

9  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

10 make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely*

11 *v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

12     Under § 1983, Plaintiff must link the named defendants to the participation in the violation

13 at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

14 Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be

15 imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-

16 49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

17 directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,

18 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

19 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

20 Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or

21 inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence

22 in, an unconstitutional policy may support a claim, the policy must have been the moving force

23 behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.

24 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,

25 885 F.2d 642, 646 (9th Cir. 1989).

26     Plaintiff may not seek to impose liability on Defendants merely upon position of authority,

27 based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a

28 plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.

1   Medical malpractice does not become a constitutional violation merely because the victim is a

2   prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of

3   neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614,

4   617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

5                                          **2. Analysis**

6          Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff

7   alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr.

8   Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers

9   in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she

10  told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the

11  exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to

12  file a staff complaint. *Id.* Although Dr. Reeves used force on Plaintiff in the form of his fingers, it

13  appears that the degree of force was necessary for the gynecological exam. Dr. Reeves explained to

14  Plaintiff that he "needed to get around her uterus." Thus, Dr. Reeves had a good faith reason for

15  using a degree of force on Plaintiff during her gynecological exam. Plaintiff's allegations, at most,

16  may amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference

17  to a serious medical need, under the Eighth Amendment.

18         Neither an inadvertent failure to provide adequate medical care, nor mere negligence or

19  medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper

20  treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*

21  *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404,

22  407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates

23  every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To

24  establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that

25  a physician or other health care provider exercising ordinary skill and care at the time of observation

26  would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a

27  <u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated;

28  and (3) the potential for harm to the prisoner by reason of delay or denial of care would be

1  substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or

2  difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition,

3  gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900

4  F.2d 1332, 1334 (9th Cir. 1990). <u>As a matter of law, differences of opinion between prisoner and</u>

5  <u>prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*,

6  90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

7  Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See

8  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence

9  insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under

10  § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of

11  state officials; liability for negligently inflicted harm is categorically beneath the threshold of

12  constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The

13  Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care

14  (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an

15  Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate

16  indifference to a known risk to an inmate's serious medical condition.

17  Thus, even with liberal construction, the amended complaint does not allege deliberate

18  indifference to a medical need because that high standard requires that the defendant actually *knew*

19  *of and acted in conscious disregard* of a known serious risk. The amended complaint will be

20  dismissed for failure to state a claim upon which relief may be granted.

21  ### IV. Conclusion

22  Plaintiff's first amended complaint fails to state any claims upon which relief may be granted.

23  Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was

24  unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*,

25  809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further

26  leave to amend is not warranted.

27  //

28  //

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), IT IS HEREBY ORDERED that:

1.    This action is DISMISSED, with prejudice, based on Plaintiff's failure to state any
      claims upon which relief may be granted under § 1983; and

2.    The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:    May 4, 2012

_____
UNITED STATES MAGISTRATE JUDGE