# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS, | CASE NO. 1:11-cv-00257-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| DR. REEVES, et al., | |
| Defendants. | / Doc. 14 |

## I. Procedural History, Screening Requirement, and Standard

On February 14, 2011, Plaintiff Michann Meadows ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 5, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 9. On September 26, 2011, Plaintiff filed a first amended complaint. Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell
5   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
6   unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
7   factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

8   While prisoners proceeding pro se in civil rights actions are still entitled to have their
9   pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
10  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
11  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.
12  Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
13  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret
14  Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
15  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

16  Section 1983 provides a cause of action for the violation of constitutional or other federal
17  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
18  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
19  between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at
20  1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
21  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
22  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
23  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Allegations in Plaintiff's First Amended Complaint**

25  In Plaintiff's first amended complaint, she names Defendants Dr. E. E. Reeves, M.D.
26  Physician / Surgeon, Gynecologist; Central California Women's Facility ("CCWF"); Dr. O. Okereke,
27  M.D. "D" Clinic; Chief Medical Officer Steven Heyne, M.D; California Department of Corrections
28  and Rehabilitation ("CDCR"); and J. Cavazos, Warden. Am. Compl. at 1-4, Doc. 14. Dr. Reeves,

Dr. Okereke, Dr. Heyne, and Warden Cavazos were employed at CCWF at the time of the incidents. *Id.* at 4.[1] Plaintiff alleges that she had a gynecological exam by Dr. Reeves. *Id.*[2] Plaintiff alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff complaint. *Id.* Plaintiff states that [from her inmate appeals] she has met nothing but stall tactics and a level of hostility through a conspiracy of concealment. *Id.* at 5. Defendants showed nothing but deliberate indifference to this sensitive situation of cruel and unusual punishment. *Id.* For relief, Plaintiff seeks injunctive relief in the form of adequate medical care, arranging for a female gynecologist, terminating Dr. Reeves from employment, and compensatory and punitive damages of ten million dollars against all defendants. *Id.* at 6-7.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or

---

[1] Plaintiff is currently incarcerated at Valley State Prison for Women. Doc. 15.

[2] Plaintiff does not allege the date of the exam in her amended complaint. However, in her prior complaint, she attached the third level response from her inmate appeal, which stated that the exam took place on July 22, 2009. Compl. at 4, Doc. 1.

inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges an improper exam by Dr. Reeves. Am. Compl. at 4. Thus, simply naming Dr. Reeves, Dr. Okereke, Dr. Heyne, and Warden Cavazos as defendants is insufficient to hold them liable based on their position of authority as Plaintiff has not alleged any facts linking them to acts or omissions, which suggest they participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Dr. Okereke, Dr. Heyne, and Warden Cavazos based upon supervisory liability.

### B. Eleventh Amendment Immunity

In Plaintiff's amended complaint, she names Central California Women's Facility and California Department of Corrections and Rehabilitation. As state agencies, these defendants are entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the Central California Women's Facility and California Department of Corrections and Rehabilitation are improper defendants in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against Central California Women's Facility and California Department of Corrections and Rehabilitation.

### C. Inmate Appeals Process

Plaintiff states that [from her inmate appeals] she has met nothing but stall tactics and a level of hostility through a conspiracy of concealment. Am. Compl. at 5.

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### D. Eighth Amendment Excessive Force

Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff complaint. *Id.*

The Eighth Amendment protects prisoners from the use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . " *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is

. . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these factors, prison authorities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell*, 441 U.S. at 547).

"Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). A sexual assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply "offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). Therefore, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary standards of decency and the Eighth Amendment. *See Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

The standard for a showing of uninvited sexual contact between a prison official and an inmate that rises to the level of an Eighth Amendment violation is similar to an excessive force claim and has an objective and a subjective component. As explained in *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003):

> [Plaintiff] claims that [Defendant] violated her right to be free from cruel and unusual punishment by using excessive force against her in the form of rape and sexual abuse.

> "Ordinarily, a excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting *Hudson*, 503 U.S. at 8). The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U .S. at 8. "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Giron*, 191 F.3d at 1289 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).
>
> Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim.

*Smith*, 339 F.3d at 1212. Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff complaint. *Id.* Although Dr. Reeves used force on Plaintiff in the form of his fingers, it appears that the degree of force was necessary for the gynecological exam. Dr. Reeves explained to Plaintiff that he "needed to get around her uterus." Thus, Dr. Reeves had a good faith reason for using a degree of force on Plaintiff during her gynecological exam, and Plaintiff fails to state a claim for Eighth Amendment excessive force against Dr. Reeves.

### E. Eighth Amendment Deliberate Indifference to Serious Medical Need

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on Defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

Plaintiff alleges that she had a gynecological exam by Dr. Reeves. Am. Compl. at 4. Plaintiff alleges she feels she has been sexually violated by inappropriate gynecological examinations by Dr. Reeves. *Id.* Plaintiff states that Dr. Reeves ignored her cries to stop and quit "jiggling your fingers in and out of me." *Id.* Plaintiff states that Dr. Reeves pushed his fingers harder inside her when she told him to stop. *Id.* Dr. Reeves said "he needed to get around her uterus." *Id.* Plaintiff states that the exam made her bleed. *Id.* LVN Moore gave her a feminine hygiene pad and secretly advised her to file a staff complaint. *Id.* Although Dr. Reeves used force on Plaintiff in the form of his fingers, it appears that the degree of force was necessary for the gynecological exam. Dr. Reeves explained to Plaintiff that he "needed to get around her uterus." Thus, Dr. Reeves had a good faith reason for using a degree of force on Plaintiff during her gynecological exam. Plaintiff's allegations, at most, may amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a <u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be

1 substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Thus, even with liberal construction, the amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. The amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

//

//

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), IT IS HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: May 4, 2012

_____
UNITED STATES MAGISTRATE JUDGE