Jenny C. Huang, SBN 223596
Miya S. Chen, SBN 268226
JUSTICE FIRST, LLP
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Telephone: (510) 628-0695
Fax: (510) 318-7701
E-mail: jhuang@justicefirstllp.com
        mchen@justicefirstllp.com

Attorneys for Plaintiff Michann Meadows

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS<br><br>        Plaintiff,<br><br>    vs.<br><br>ERNEST REEVES, M.D.; ODIRA OKEREKE, M.D.; CHIEF MEDICAL OFFICER STEVEN HEYNE, M.D.; WARDEN JAVIER CAVAZOS, CENTRAL CALIFORNIA WOMEN'S FACILITY; SECRETARY MATTHEW CATE, CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, all in their individual and official capacities<br><br>        Defendants. | Case No.: 1:11-CV-0257-SMS (PC)<br><br>**SECOND AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff MICHANN MEADOWS hereby alleges as follows:

**<u>INTRODUCTION</u>**

1.  While incarcerated at Central California Women's Facility ("CCWF"), Plaintiff MICHANN MEADOWS was subjected to ongoing sexual abuse by Defendant ERNEST REEVES, M.D., a gynecologist employed at CCWF. At the same time, DR. REEVES and Defendant ODIRA OKEREKE, M.D. were deliberately indifferent to MS. MEADOWS' serious medical need of treatment for uterine fibroids, causing her to undergo tremendous, unnecessary pain and resulting in the need for a hysterectomy. Upon information and belief, Defendants STEVEN HEYNE, JAVIER CAVAZOS, and MATTHEW CATE knew or should have known

about DR. REEVES' sexually abusive behavior and the deliberately indifferent medical care provided by DRS. REEVES and OKEREKE, but failed to promptly report, investigate, correct their behavior, and/or prevent the resulting harm to MS. MEADOWS. Instead, Defendants protected and/or encouraged the unlawful conduct of DRS. REEVES and OKEREKE and retaliated against MS. MEADOWS for reporting their illegal conduct.

## PARTIES

2. Plaintiff MICHANN MEADOWS is a female who, at all relevant times, was incarcerated at Central California Women's Facility. MS. MEADOWS is currently incarcerated at Valley State Prison for Women.

3. Defendant ERNEST REEVES, M.D., is a male physician and surgeon who, at all relevant times, was employed at CCWF as a gynecologist. DR. REEVES sexually assaulted and provided deliberately indifferent medical care to female inmates at CCWF, including MS. MEADOWS. At all relevant times, DR. REEVES was acting under color of state law, in the course and scope of his employment, and is being sued individually and in his official capacity.

4. Defendant ODIRA OKEREKE, M.D. is a female physician who, at all relevant times, was employed at CCWF as a primary care physician. DR. OKEREKE provided deliberately indifferent medical care to female inmates at CCWF, including MS. MEADOWS. At all relevant times, DR. OKEREKE was acting under color of state law, in the course and scope of her employment, and is being sued individually and in her official capacity.

5. Defendant STEVEN HEYNE is and at all relevant times was the Chief Medical Officer for CCWF. He is and was responsible for the supervision, management, and control of medical care provided to CCWF inmates and for the medical care and treatment provided to CCWF inmates, including MS. Meadows. At all relevant times, he was acting under color of state law, in the course and scope of his employment, and is being sued individually and in his official capacity.

6. Defendant JAVIER CAVAZOS was at all relevant times the Warden of CCWF. He was responsible for the supervision of corrections officers and for the provision of safe

JUSTICE FIRST, LLP

custody and care of inmates. At all relevant times, he was acting under color of state law, in the course and scope of his employment, and is being sued individually and in his official capacity.

7. Defendant MATTHEW CATE is and was at all relevant times the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). He is and was responsible for the supervision, management, and control of all CDCR prisons and for the care, custody, and treatment of all CDCR inmates, including MS. MEADOWS. At all relevant times, he was acting under color of state law, in the course and scope of his employment, and is being sued individually and in his official capacity.

**JURISDICTION**

8. This action arises under 42 U.S.C. § 1983 for violation of the First, Eighth and Fourteenth Amendments to the U.S. Constitution and by the common and constitutional laws of the State of California.

9. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Pursuant to 28 U.S.C. §§ 1391, venue is appropriate in the Central District of California because the illegal acts that are the subject of this complaint were committed within this district, Plaintiffs reside in this district, and upon information and belief, defendants reside in this district and were subject to the jurisdiction of this district at the time claims arose.

**STATEMENT OF FACTS**

11. From 1994 to 2012, MS. MEADOWS was incarcerated at the Central California Women's Facility ("CCWF").

<u>Sexual Abuse by Dr. Reeves</u>

12. Beginning in 1995, MS. MEADOWS came under the care of DR. REEVES for gynecological services.

13. During a routine examination in 2000, DR. REEVES inserted his finger inside the anus of MS. MEADOWS without any warning and without medical reason. When MS. MEADOWS shouted in shock and as a result of enduring great pain, DR. REEVES responded that his conduct was "normal procedure".

14. When MS. MEADOWS immediately challenged the sexual abuse by DR. REEVES in 2000, she was subjected to a false disciplinary violation.

15. From 2000-2012, DR. REEVES was overly aggressive towards MS. MEADOWS during her gynecological appointments with him and used unnecessary force when examining her.

16. On July 22, 2009, DR. REEVES was again sexually abusive towards MS. MEADOWS during a routine gynecological exam. During the exam, DR. REEVES inserted two fingers inside of her vagina, causing her substantial pain. When MS. MEADOWS asked him to stop, DR. REEVES stood up and shoved his fingers deeper inside of her vagina in an aggressive manner and with unnecessary force. DR. REEVES then moved his fingers in and out of her vagina in a rough manner, causing her to cry out in intense pain. MS. MEADOWS subsequently bled from her vagina for several days after this gynecological exam by DR. REEVES.

17. At the encouragement of the nurse who was present during the gynecological exam on July 22, 2009, MS. MEADOWS filed a grievance against DR. REEVES the following day.

18. It was not until 2010 that DR. REEVES was investigated in response to MS. MEADOWS' complaint against him for sexual abuse.

19. On June 27, 2010, Defendant Chief Medical Officer STEVEN HEYNE conducted an interview of MS. MEADOWS and was personally informed about her complaint of sexual abuse against DR. REEVES.

20. The Office of Internal Affairs at CCWF subsequently conducted an improper investigation and concluded that DR. REEVES did not violate CDCR policy.

21. Numerous other inmates at CCWF have had similar experiences with DR. REEVES and were routinely subjected to sexual abuse by him during gynecological examinations.

22. Upon information and belief, numerous female inmates at CCWF have complained to CCWF and to the California Department of Corrections and Rehabilitation ("CDCR") of sexual abuse by DR. REEVES.

23. Upon information and belief, Defendants HEYNE, CAVAZOS, and CATE knew or should have known of the sexually abusive behavior of DR. REEVES, yet failed to promptly report, investigate, correct his behavior, and/or prevent the sexual abuse of and further harm to MS. MEADOWS.

24. Defendants HEYNE, CAVAZOS, and CATE maintained a custom, practice, and/or official policy of ignoring, condoning, and/or encouraging the sexual abuse of inmates by corrections staff including DR. REEVES.

Deliberate Indifference to Serious Medical Needs of Ms. Meadows

25. In or around 1997-1999, MS. MEADOWS had fibroids in her uterus that went undetected and untreated for many years while she was incarcerated at CCWF. It was not until in or around 2005-2006 that her fibroid condition was detected by the medical staff at CCWF.

26. Although DR. REEVES was aware that MS. MEADOWS had uterine fibroids, he was deliberately indifferent to her serious medical needs and failed to properly treat her fibroids.

27. At all relevant times, DR. OKEREKE was the primary care physician for MS. MEADOWS at CCWF.

28. Although DR. OKEREKE was aware that MS. MEADOWS had uterine fibroids, she was deliberately indifferent to her serious medical needs and failed to properly treat her fibroids.

29. As a direct result of Defendants' deliberate indifference towards the serious medical needs of MS. MEADOWS, she has endured and continues to endure excruciating pain and suffering from her fibroid condition.

30. As a direct result of Defendants' prolonged delay in properly treating her uterine fibroids, MS. MEADOWS suffered tremendous and unnecessary pain and is now required to undergo a hysterectomy.

31. Upon information and belief, Defendants knew or should have known of the deliberately indifferent medical care provided by DR. REEVES and DR. OKEREKE to inmates at CCWF, yet failed to promptly report, investigate, correct their behavior, and/or prevent harm to MS. MEADOWS.

32. Defendants maintained a custom, practice, and/or official policy of ignoring, condoning, and/or encouraging the provision of deliberately indifferent medical care of inmates at CCWF by corrections staff including DR. REEVES and DR. OKEREKE.

33. Defendants were deliberately indifferent to the substantial risk of harm to MS. MEADOWS and to the retaliatory conduct directed at her for reporting the unlawful behavior of DRS. REEVES and OKEREKE.

34. Defendants acted individually and/or conspired to protect, condone, ratify, and/or encourage the unlawful conduct by DRS. REEVES and OKEREKE and failed to prevent substantial harm to MS. MEADOWS.

## EXHAUSTION OF REMEDIES

35. On July 23, 2009, MS. MEADOWS filed a grievance to complain about the sexually abusive conduct by DR. REEVES.

36. The grievance filed by MS. MEADOWS was bypassed by CDCR at the informal and first levels of appeal. On June 17, 2010, the grievance was partially granted at the second level of appeal.

37. MS. MEADOWS has therefore exhausted her administrative remedies.

## STATEMENT OF DAMAGES

38. As a result of Defendants' unlawful conduct, MS. MEADOWS suffered serious bodily harm, pain and suffering, extreme emotional and mental distress, humiliation, loss of human dignity and her womanhood, and loss of security. Defendants' actions were the proximate cause of MS. MEADOWS' injuries, including physical and emotional damages.

39. As a result of Defendants' unlawful conduct, MS. MEADOWS suffered and continues to suffer from ongoing retaliation by corrections staff and she is unable to obtain the care and treatment she requires as a victim of sexual misconduct.

40. Defendants' conduct was intentional, willful, malicious, reckless, and in conscious disregard of MS. MEADOWS' protected rights. As such, and to deter future similar conduct by Defendants, MS. MEADOWS is entitled to an award of punitive damages against Defendants.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Eighth Amendment Violation – Sexual Abuse**
**(Against Defendants Reeves, Heyne, Cavazos, and Cate)**

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

42. Defendants REEVES, HEYNE, CAVAZOS, and CATE deprived MS. MEADOWS of her constitutional right to be free from cruel and unusual punishment including sexual abuse and to be free from unreasonable and unjustified force against one's person, in violation of the Eighth Amendment.

43. Defendants acted under color of law and in the scope of their employment, conspired to deprive, and acted jointly and in concert with one another to deprive MS. MEADOWS of her constitutional rights.

44. The rights set forth above are embodied in clearly established constitutional law.

45. Defendants individually, and through conspiracy with one another, engaged in a pattern and practice of conduct that deprived MS. MEADOWS of her rights under United States law.

46. By their actions and/or inactions, Defendants HEYNE, CAVAZOS, and CATE knew or should have known about the unlawful conduct of DR. REEVES but were deliberately indifferent to MS. MEADOWS' constitutional rights, and otherwise failed to prevent harm to her.

47. Defendants' conduct in violation of the constitutional rights set forth above were pursuant to official policy and/or longstanding practice or custom of sexual abuse of inmates at CCWF.

48. Defendants HEYNE, CAVAZOS, and CATE implemented, encouraged, perpetuated, and/or ratified the policy, practice or custom of sexual abuse of inmates at CCWF.

49. As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
**Eighth Amendment Violation – Deliberate Indifference of Serious Medical Needs**
**(Against All Defendants)**

50. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

51. Defendants REEVES, OKEREKE, HEYNE, CAVAZOS, and CATE deprived MS. MEADOWS of her constitutional right to be free from cruel and unusual punishment including the deliberate indifference of her serious medical needs, in violation of the Eighth Amendment.

52. Defendants acted under color of law and in the scope of their employment, conspired to deprive, and acted jointly and in concert with one another to deprive MS. MEADOWS of her constitutional rights.

53. The rights set forth above are embodied in clearly established constitutional law.

54. Defendants individually, and through conspiracy with one another, engaged in a pattern and practice of conduct that deprived MS. MEADOWS of her rights under United States law.

55. By their actions and/or inactions, Defendants HEYNE, CAVAZOS, and CATE knew or should have known about the unlawful conduct of DR. REEVES but were deliberately indifferent to MS. MEADOWS' constitutional rights, and otherwise failed to prevent harm to her.

56. Defendants' conduct in violation of the constitutional rights set forth above were pursuant to official policy and/or longstanding practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

57. Defendants HEYNE, CAVAZOS, and CATE implemented, encouraged, perpetuated, and/or ratified the policy, practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

58. As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983
### First Amendment Violation – Retaliation
### (Against Defendants Reeves, Heyne, Cavazos, and Cate)

59. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

60. Defendants REEVES, HEYNE, CAVAZOS, and CATE deprived MS. MEADOWS of her First Amendment rights to file prison grievances and to be free from retaliation for reporting the sexual abuse by Defendant DR. REEVES. The above-named Defendants retaliated against MS. MEADOWS by instigating, assisting, and/or ratifying the following retaliatory actions against her: (1) a false disciplinary report(s) regarding her interactions with DR. REEVES, (2) a retaliatory transfer to Valley State Prison for Women, and (3) withholding evidence to support her claims of sexual abuse against DR. REEVES.

61. Defendants acted under color of law and in the scope of their employment, conspired to deprive, and acted jointly and in concert with one another to deprive MS. MEADOWS of her constitutional rights.

62. The rights set forth above are embodied in clearly established constitutional law.

63. Defendants individually, and through conspiracy with one another, engaged in a pattern and practice of conduct that deprived MS. MEADOWS of her rights under United States law.

64. By their actions and/or inactions, Defendants HEYNE, CAVAZOS, and CATE knew or should have known about the unlawful conduct of DR. REEVES but were deliberately indifferent to MS. MEADOWS' constitutional rights, and otherwise failed to prevent harm to her.

65. Defendants' conduct in violation of the constitutional rights set forth above were pursuant to official policy and/or longstanding practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

66. Defendants HEYNE, CAVAZOS, and CATE implemented, encouraged,

perpetuated, and/or ratified the policy, practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

67. As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983
### Fifth/Fourteenth Amendment Violation – Due Process/Equal Protection
### (Against All Defendants)

68. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

69. Defendants REEVES, OKEREKE, HEYNE, CAVAZOS, and CATE deprived MS. MEADOWS of her constitutional right to due process and to equal protection

70. Defendants acted under color of law and in the scope of their employment, conspired to deprive, and acted jointly and in concert with one another to deprive MS. MEADOWS of her constitutional rights.

71. The rights set forth above are embodied in clearly established constitutional law.

72. Defendants individually, and through conspiracy with one another, engaged in a pattern and practice of conduct that deprived MS. MEADOWS of her rights under United States law.

73. By their actions and/or inactions, Defendants HEYNE, CAVAZOS, and CATE knew or should have known about the unlawful conduct of DR. REEVES but were deliberately indifferent to MS. MEADOWS' constitutional rights, and otherwise failed to prevent harm to her.

74. Defendants' conduct in violation of the constitutional rights set forth above were pursuant to official policy and/or longstanding practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

75. Defendants HEYNE, CAVAZOS, and CATE implemented, encouraged,

perpetuated, and/or ratified the policy, practice or custom of deliberate indifference towards the serious medical needs of female inmates at CCWF.

76. As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1985(3)
### Conspiracy to Deprive Civil Rights
### (Against All Defendants)

77. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

78. On information and belief, Defendants acted under color of law and conspired with one another to deprive MS. MEADOWS of her civil rights and/or equal protection of the laws.

79. As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

80. WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1986
### Failure to Prevent Conspiracy
### (Against All Defendants)

81. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 above.

82. On information and belief, Defendants knew of the wrongs conspired to be done in violation of 42 U.S.C. section 1985 and further knew that such wrongs were about to be committed against MS. MEADOWS, but were deliberately indifferent about preventing the commission of such wrongs against MS. MEADOWS despite having the power to do so.

83.   As a result of Defendants' unlawful conduct as alleged herein, MS. MEADOWS has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

84.   WHEREFORE, Plaintiff prays for relief as set forth herein and in the prayer for relief.

## JURY TRIAL DEMAND

85.   MS. MEADOWS hereby requests a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, MS. MEADOWS prays for the following relief:

1. General damages in an amount according to proof at trial;
2. Compensatory general damages in an amount according to proof at trial;
3. Punitive and exemplary damages according to proof at trial;
4. Declaratory relief that Defendants engaged in a pattern and practice of conduct that deprived Plaintiff of her rights under United States and California law;
5. Injunctive relief including, but not limited to (1) Plaintiff's release from custody, and (2) compliance with the Prison Rape Elimination Act and the Sexual Abuse in Detention Elimination Act.
6. Equitable relief including, but not limited, to the relief stated above.
7. Attorney's fees and costs;
8. Prejudgment interest on monetary damages to the extent permitted by law; and
9. Any further relief that the Court may deem just and proper.

Date:  October 1, 2012              **JUSTICE FIRST, LLP**

                                    _/s/ Jenny Huang_
                                    By:  Jenny C. Huang
                                         Miya Saika Chen
                                         JUSTICE FIRST, LLP
                                         180 Grand Avenue, Suite 1300
                                         Oakland, CA  94612