# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. REEVES, et al<br><br>  Defendants. | Case No. 1:11-cv-00257-SMS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 34, 35)** |

Plaintiff Michann Meadows ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 14, 2011.  (ECF No. 1.)  On August 5, 2011, the Court issued a screening order, dismissing Plaintiff's Complaint, with leave to amend.  (ECF No. 9.)  On September 26, 2011, Plaintiff filed the First Amended Complaint ("1st AC") (ECF No. 14) which was screened and dismissed for failure to state a claim (ECF No. 16).  Judgment was subsequently entered.  (ECF No. 17.)

Upon subsequent review, the 1st AC stated at least one cognizable claim such that the dismissal of the action and judgment entered against Plaintiff was vacated to prevent manifest injustice.  (ECF Nos. 14, 18.)  Counsel was located and agreed to appointment in this case for the limited purpose of drafting and filing an amended complaint; extensions of time were requested and granted.  (ECF Nos. 19, 23, 26.)  Which was accomplished on October 1, 2012 with the filing of the Second Amended Complaint ("2nd AC").  (ECF No. 28.)

On March 7, 2013, Plaintiff filed a request for the counsel who was appointed for limited purposes to be allowed to continue to represent her, or that new counsel be appointed to represent her. (ECF No. 34.) Plaintiff repeated a request for appointment of counsel on April 3, 2013. (ECF No. 35.)

The Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1), Rand, 113 F.3d at 1525, and did so when counsel was previously appointed in this case. However, as is reflected in the appointment order, counsel only agreed to be appointed for the limited purpose of drafting and filing an amended complaint and specifically requested that appointment be terminated upon that filing.  Subsequent requests (by the Court and apparently by Plaintiff) of this limited purpose counsel to continue and/or be reappointed to represent Plaintiff have been declined. Other counsel have been contacted to represent Plaintiff and have similarly declined. Unfortunately, the Court has exhausted its limited resources attempting to locate counsel willing to voluntarily represent Plaintiff.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Nothing in this order is intended to limit Plaintiff from attempting to secure legal representation via her own efforts. She is in fact encouraged to do so.

For the foregoing reasons, Plaintiff's motions for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 2, 2013**                       /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE