# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR. REEVES, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00257-SMS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE**<br><br>(ECF No. 28)<br><br>**RESPONSE DUE WITHIN THIRTY (30) DAYS** |

## I. SCREENING ORDER

Plaintiff Michann Meadows ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 14, 2011. (ECF No. 1.) On August 5, 2011, the Court issued a screening order, dismissing Plaintiff's Complaint, with leave to amend. (ECF No. 9.) On September 26, 2011, Plaintiff filed the First Amended Complaint (ECF No. 14) which was screened and dismissed for failure to state a claim (ECF No. 16). Judgment was subsequently entered. (ECF No. 17.)

Upon subsequent review, the First Amended Complaint stated at least one cognizable claim such that the dismissal of the action and judgment entered against Plaintiff was vacated to prevent manifest injustice. (ECF Nos. 14, 18.) Counsel was located and agreed to appointment in this case for the limited purpose of drafting and filing an amended complaint; extensions of

time were requested and granted. (ECF Nos. 19, 23, 26.) The Second Amended Complaint was filed on October 1, 2012. (ECF No. 28.)

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  The Second Amended Complaint

In the Second Amended Complaint, Plaintiff names the following Defendants: Ernest Reeves, M.D.; Odira Okereke, M.D.; Chief Medical Officer Steven Heyne, M.D.; Warden Javier Cavazos; and Matthew Cate, CDCR Secretary.

Plaintiff generally alleges that Defendant Reeves sexually assaulted her during a gynecological examination and that Defendant Okereke was deliberately indifferent to her uterine fibroid condition – both of which were circumstances that were known to, or should have been known by, and were encouraged/protected by Warden Cavazos, CMO Heyne, and Secretary Cate.

Plaintiff delineates six causes of action: two for violations of the Eighth Amendment sexual abuse (excessive force) and deliberate indifference to her serious medical needs); one for retaliation; one for violation of the Due Process and Equal Protection clauses; and two for conspiracy. As discussed below, Plaintiff only states a cognizable claim against Defendant Reeves. Plaintiff may be able to amend to correct the deficiencies in her pleading so as to state additional cognizable claims, but is under no obligation to do so. Thus, Plaintiff is given the applicable standards based on her stated claims and leave to file a third amended complaint, or Plaintiff may file a statement advising of her decision only to proceed on her cognizable claim against Defendant Reeves for using excessive force (sexually assaulting Plaintiff) in violation of

the Eight Amendment.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Iqbal. at 678; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009); Twombly, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,

681 (9th Cir. 2009).

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names, but fails to link, Defendants Heyne, Cavazos, and Cate to any of her factual allegations. Plaintiff's general allegations regarding these three Defendants are that they are in charge of the care that inmates receive and/or are in charge of CDCR staff and that they knew or should have known about the acts by Defendant Reeves and Defendant Okereke, but failed to properly report, investigate, correct their behavior, and/or prevent the resulting harm to Plaintiff. Such general allegations of responsibility and/or culpability are insufficient to link any of these defendants to specific acts which violated Plaintiff's constitutional rights.

If Plaintiff feels Defendants Heyne, Cavazos, and Cate are responsible for any violation of her constitutional rights she must identify those violations and their factual basis as each Defendant must be put on notice of Plaintiff's claims against him or her. *See* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

4

### 3. Federal Rule of Civil Procedure 18(a)

Federal Rule of Civil Procedure 18(a) states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court must be able to discern a relationship between Plaintiff's claims. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) do not make claims related for purposes of compliance with Rule 18(a). The only parallels between Plaintiff's allegations against Defendant Reeves and Defendant Okereke are drawn from the location on Plaintiff's anatomy that they pertain to. If Plaintiff feels that the violent gynecological examination by Defendant Reeves is related to Defendant Okereke's treatment (or lack thereof) for her uterine fibroids, she must show any such relation via factual allegations. Lacking that, it appears that Plaintiff should pursue her allegations against these two doctors in separate legal actions. Plaintiff is advised that if she chooses to file a third amended complaint and it does not comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### D.  Plaintiff's Causes of Action

#### 1. First Cause of Action – Eighth Amendment Violation (Sexual Abuse)

Plaintiff alleges her first cause of action against Defendants Reeves, Heyne, Cavazos,

and Cate, relying on paragraphs 1 through 40 of her pleading. (ECF No. 28, 2nd AC, p. 7.)

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also* Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").

As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd*, 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347).

"[S]exual contact between a prisoner and a prison [employee] serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society. Where there is no legitimate penological purpose for a prison official's conduct, courts have presumed malicious and sadistic intent." Wood v. Beauclair, 692 F.3d 1041, 1050 (9th Cir. 2012) (citations and quotations omitted). Even sexual contact which is not violent and leaves no physical injury is given this presumption. Id. Further, physical force that is "repugnant to the conscience of mankind" is constitutionally recognized even if *de minimis*. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

Plaintiff's allegations that from 2000 – 2012 Defendant Reeves was overly aggressive towards her during gynecological examinations and specifically on July 22, 2009, Defendant Reeves performed a gynecological examination in an aggressive and violent manner and that he became more aggressive when she asked him to stop, causing her to cry out in pain which caused

bleeding from her vagina for the following several days, states a cognizable claim against Defendant Reeves for violation of Plaintiff's Eighth Amendment Rights.  (*See*, ECF No. 28, 2nd AC, pp. 3-4.)

Plaintiff's allegations that "[u]pon information and belief, Defendants Heyne, Cavazos, and Cate knew or should have known of the sexually abusive behavior of Dr. Reeves, yet failed to promptly report, investigate, correct his behavior, and/or prevent the sexual abuse of and further harm to Ms. Meadows" (ECF No. 28, 1st AC, ¶ 23) and that they "maintained a custom, practice, and/or official policy of ignoring, condoning, and/or encouraging the sexual abuse of inmates by corrections staff including Dr. Reeves" (id., at ¶ 24) are legal conclusions couched as factual allegations which are not accepted as true and so fail to state a cognizable claim against Defendants Heyne, Cavazos, and/or Cate.

Plaintiff also alleges that Defendant Heyne interviewed her on June 27, 2010, after she filed a grievance against Defendant Reeves and that she personally informed Defendant Heyne about her complaint of sexual abuse against Defendant Reeves at that time.  (Id., at ¶ 19.) However, the timing of Plaintiff's interview with Defendant Heyne, almost a year after the incident of force by Defendant Reeves, does not show knowledge by Defendant Heyne prior to the incident for him to have been deliberately indifferent to Plaintiff's situation.  Further, Plaintiff also fails to state any allegations as to specific incidents after the June 27, 2010 interview for there to have been a subsequent risk of and/or occurrences which Defendant Heyne acted deliberately indifferent to.   While Plaintiff generally alleges that "[f]rom 2000-2012, Dr. Reeves was overly aggressive towards [Plaintiff] during her gynecological appointments with him and used unnecessary force when examining her," (id., at ¶ 15), these allegations are again nothing more than legal conclusions couched as factual allegations and insufficient to show that Defendant Heyne knew that Defendant Reeves continuing treatment posed a serious risk to her

for Defendant Heyne to have been deliberately indifferent to.  Thus, these additional allegations against Defendant Heyne do not state a cognizable claim.

Finally, Plaintiff's allegations that the Office of Internal Affairs at CCWF conducted an improper investigation (id., at ¶ 20); that numerous other inmates at CCWF have been subjected to similarly abusive examinations by Defendant Reeves on a routine basis (id., at ¶ 21); and that numerous female inmates at CCWF have complained of sexual abuse by Defendant Reeves (id., at ¶ 22) are insufficient to show that any of the named Defendants knew that Defendant Reeves posed a serious risk of harm to the inmates at CCWF.[1]

### 2. Second Cause of Action – Eighth Amendment Violation, Deliberate Indifference to Serious Medical Needs.

Plaintiff alleges her second cause of action against all named Defendants.  (ECF No. 28, 2nd AC, p. 8.)

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v.

---

[1] While the Court is not commenting on the veracity of these allegations, nor intending to minimize their seriousness.  These allegations are simply insufficient to proceed against any of the named Defendants other than Defendant Reeves for Defendant Reeves' actions.

Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

The second prong requires showing:  (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Wilhelm, 680 F.3d at 1122 (quoting Jett, 439 F.3d at 1096).  More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotation marks omitted).  Under Jett, "[a] prisoner need not show his harm was substantial." Id.; *see also* McGuckin, 974 F.2d at 1060.

The deliberate indifference doctrine is limited in scope. "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  Wilhelm, 680 F.3d 1123 (quoting McGuckin, 974 F.2d at 1060 (internal quotation marks omitted)); *see also* Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (emphasis added)).  Thus, "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal quotation marks omitted).

Plaintiff alleges that Defendant Okereke was aware that Plaintiff had uterine fibroids, was deliberately indifferent to her serious medical needs, and failed to properly treat her fibroids which has caused plaintiff to endure continuing, excruciating, tremendous, and unnecessary pain

9

and has caused Plaintiff to now need a hysterectomy.  (ECF No. 28, 2nd AC, p. 5.)  Plaintiff does not state what actions, or inactions by Defendant Okereke amounted to deliberate indifference, nor is she specific enough about Defendant Okereke failure to "properly treat" her fibroids to raise her claim beyond the realms of medical malpractice.  Thus, Plaintiff fails to state a cognizable claim against Defendant Okereke for deliberate indifference to her serious medical needs in violation to the Eighth Amendment.

As already discussed, Plaintiff stated a cognizable claim under the Eighth Amendment against Defendant Reeves for use of excessive force.  The only allegations that she states against him regarding her medical condition are that Defendant Reeves was aware that she had uterine fibroids and was deliberately indifferent to her serious medical needs and failed to properly treat her.  (Doc. 28, 2nd AC, ¶ 26.)  For the reasons discussed in the preceding paragraph, allegations that Defendant Reeves failed to properly treat Plaintiff's uterine fibroids does not suffice to state a cognizable claim for deliberate indifference of her serious medical needs.

Further, Plaintiff fails to state a cognizable claim against Defendants Hyene, Cavazos, and Cate.  Her allegations against these three Defendants is that "[u]pon information and belief, [they] knew or should have known of the deliberately indifferent medical care provided by Dr. Reeves and Dr. Okereke, yet failed to promptly report, investigate, correct [the] behavior, and/or prevent the sexual abuse of and further harm to Plaintiff, (ECF No. 28, 1st AC,  ¶ 31); that they "maintained a custom, practice, and/or official policy of ignoring, condoning, and/or encouraging the sexual abuse of inmates by corrections staff including Dr. Reeves and Dr. Okereke," (id., at ¶ 32); that they were deliberately indifferent to the substantial risk of harm to Plaintiff and to the retaliatory conduct directed at her for reporting the unlawful behavior of Drs. Reeves and Okereke," (id., at ¶ 33); and that they "acted individually and/or conspired to protect, condone, ratify, and/or encourage the unlawful conduct by Drs. Reeves and Okereke and failed to prevent

substantial harm to Plaintiff," (id., at ¶ 34). These allegations are nothing more than legal conclusions couched as factual allegations and so need not be and are not accepted as true.

### 3. Third Cause of Action – Retaliation

Plaintiff alleges her third cause of action against Defendants Reeves, Heyne, Cavazos, and Cate. (ECF No. 28, 2nd AC, p. 9.)

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Waitson v. Carter, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. Id. at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. Id. The filing of an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); *see also* Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Rhodes at 567. The adverse action need not be a full-fledged independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action. . . ." Brodheim, 584 F.3d at 1270. Not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where action taken by the defendant was clearly adverse to the plaintiff. *See e.g.* Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Bruce v, Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997)

11

(retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Waitson, 668 F.3d at 1114. "[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision." Soranno's Gasco, Inc. v. Morgan, 874 F.2nd 1310, 1314 (9th Cir. 1989) (quoting Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." Waitson, 668 F.3d at 1115 (quotations and citations omitted).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, Iqbal, 556 U.S. at

678-79, and the Court is "not required to indulge unwarranted inferences," Doe I, 572 F.3d at 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by Plaintiff as retaliatory must have been motivated *by* her engagement in a protected activity, and the conduct must *not* have reasonably advanced a legitimate penological goal. Brodheim, 584 F.3d at 1271-72 (citations omitted). Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a Defendant's actions.

Plaintiff alleges that "Defendants were deliberately indifferent to the substantial risk of harm to Ms. Meadows and to the retaliatory conduct directed at her for reporting the unlawful behavior of Drs. Reeves and Okereke." (ECF No. 28, 2nd AC, ¶33.) Plaintiff's only other allegations regarding retaliation are that Defendants Dr. Reeves, Heyne, Cavazos, and Cate retaliated against her "by instigating, assisting, and/or ratifying the following retaliatory actions against her: (1) a false disciplinary report(s) regarding her interactions with Dr. Reeves, (2) a retaliatory transfer to Valley State Prison for Women, and (3) withholding evidence to support her claim of sexual abuse against Dr. Reeves." (Id., at ¶ 60.)

These allegations do not state a cognizable claim against any of the defendants since they are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations" with mere "labels and conclusions" which do not suffice to show a retaliatory animus for Plaintiff's engaging in protected conduct to have caused Defendants' actions. *See* Iqbal, 556 U.S. at 678.

### 4. Fourth Cause of Action – Due Process/Equal Protection[2]

Plaintiff alleges her fourth cause of action against all of the Defendants. (ECF No. 28, 2nd AC, p. 10.)

---

[2] The Court is at a complete loss as to which, if any, of Plaintiff's allegations she feels show a violation of her rights to due process. Any such claim is not discussed because Plaintiff did not state any due process allegations which lend themselves to analysis/discussion.

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." Id. (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. Id. An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. Id. (quoting Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986)).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); Sea River Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See* Washington v. Davis, 426 U.S. 229, 239-240 (1976); Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003); Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997).

14

Plaintiff does not state a cognizable Equal Protection claim. She fails to state any information to show her membership in a protected class; nor does she show that she was intentionally treated differently from others similarly situated; nor does she show any discriminatory intent on the part of the named Defendants.

### 5. Fifth Cause of Action – Conspiracy (42 U.S.C. § 1985(3))

Plaintiff alleges her fifth cause of action against all Defendants. (ECF No. 28, 2nd AC, p. 11.) A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). "A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim." Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Restraint must be exercised in extending section 1985(3) beyond racial prejudice. Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002).

A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. Id. at 676-77. Any conspiracy claim that Plaintiff might have intended to allege is not cognizable as she does little other than suggest that the defendants conspired together. Bare allegations that all defendants were involved in a conspiracy to deprive Plaintiff of her constitutional rights is conclusory at best. See Iqbal, 556 U.S. at 678. Thus, Plaintiff fails to state a cognizable claim for a conspiracy in violation of section 1985(3) against any of the Defendants.

### 6. Sixth Cause of Action – Conspiracy (42 U.S.C. § 1986)

Plaintiff alleges her sixth cause of action against all Defendants.  (ECF No. 28, 2nd AC, p. 11.)  "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).  Plaintiff may not pursue a claim for relief under 42 U.S.C. § 1986 unless she has first stated a claim for relief under section 1985.  McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).  As discussed in the preceding section, Plaintiff does not state a cognizable claim for relief under section 1985.  Accordingly, Plaintiff fails to state a cognizable claim for relief under section 1986.

### 7. Supervisory Liability

It appears that Plaintiff has named Defendants Heyne, Cavazos, and Cate as parties in this action based on their supervisory positions.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior.*  Iqbal, 556 U.S. 662, 678 (2009).  Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As discussed above, Plaintiff does not state specific enough allegations as to the actions

by Defendants Heyne, Cavazos, and/or Cate to state cognizable claims against them.  If Plaintiff chooses to attempt to state claims against these three defendants, she must allege specifically the basis upon which they knew, or should have known of the offending acts by Defendants Reeves and/or Okereke and what actions they took, or failed to take that amounted to acquiescence in the unconstitutional conduct.  Knowing about it after the fact and failing to take action at that time do not suffice.

### 8.  Relief

Plaintiff seeks declaratory and injunctive relief in this action.  (ECF No. 28, 2nd AC, p. 12.)

#### a.  Declaratory

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in Plaintiff's favor, that verdict will be a finding that Plaintiff's constitutional rights were violated.  A declaration that Defendants violated Plaintiff's rights is unnecessary.

#### b.  Injunctive

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  "A

preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id., at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Id., at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . . ." Farmer, 511 U.S. at 845-46 (1994). It is subsequent to screening, such as in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." Id., at 845-46. However, at the pleading stage, the Court is not in a position to determine questions of a claim's merits which require submission of evidence as opposed to merely determining whether a claim has been stated. Barrett v. Belleque, 544 F.3d 1060 (9th Cir. 2008).

## II. CONCLUSION

Plaintiff's Second Amended Complaint states a claim under the Eighth Amendment against Defendant Reeves. However, Plaintiff does not state any cognizable claims against any of

the other named Defendants.  Plaintiff is granted leave to file a third amended complaint to cure the deficiencies identified by the Court in this order, <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987), or Plaintiff may proceed solely on the cognizable claim in the Second Amended Complaint against Defendant Reeves for violation of Plaintiff's Eighth Amendment rights to be free from excessive force.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time prior to the date any response is due.

If Plaintiff opts to amend, her third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal right so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Twombly</u>, 550 U.S. at 555, (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff must demonstrate in any third amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  A third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362: <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in a third amended complaint.  <u>George</u>, 507 F.3d at 607, (no "buckshot" complaints).

Plaintiff is further advised that any amended complaint supercedes the original, <u>Lacey v. Maricopa County</u>, Nos.- 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superseded

pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Alternatively, if Plaintiff does not wish to file a third amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, she must so notify the Court in writing.  The Court will then issue a recommendation for dismissal of the other claims and defendants and will forward Plaintiff summonses and USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a third amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that she does not wish to file a third amended complaint and wishes to proceed only against Defendant Reeves for violation of her rights to under the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

Dated:  6/13/2013                              /s/ SANDRA M .SNYDER
                                               UNITED STATES MAGISTRATE JUDGE