# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>             **Plaintiff,**<br><br>   v.<br><br>DR. REEVES, et al.,<br><br>            **Defendants.** | **Case No.  1:11-cv-00257-SMS (PC)**<br><br>**ORDER DISMISSING UNCOGNIZABLE CLAIMS AND DEFENDANTS; DENYING MOTION TO OPEN DISCOVERY, FOR EVIDENTIARY HEARING, FOR NEGOTIATION HEARING, AND FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 41)** |

      Plaintiff Michann Meadows ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 14, 2011.  (ECF No. 1.)  The Second Amended Complaint was filed on October 1, 2012. (ECF No. 28.)  It has been screened pursuant to 28 U.S.C. § 1915A and found to state a deliberate indifference claim under the Eighth Amendment against Defendant Dr. Reeves.  (ECF No. 38.)  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  In the screening order, Plaintiff was ordered to either file a third amended complaint or notify the Court of her willingness to proceed only on the claim found to be cognizable against Defendant Dr. Reeves.  (Id.)

      On August 5, 2013, Plaintiff filed a one page document entitled "A motion to proceed on claim found to be cognizable, open discovery, evidentiary hearing, negotiation hearing, and

appointment of counsel" ("Plaintiff's Response").  (ECF No. 41.)  In Plaintiff's Response, she indicated her willingness to proceed only on the cognizable Eighth Amendment claim against Defendant Dr. Reeves.  (ECF No. 41.)[1]  Thus, all claims not found cognizable in the screening order and all Defendants other than Defendant Dr. Reeves are properly dismissed.

Also in Plaintiff's Response, she generally requests that discovery be opened.  As Plaintiff was advised in the First Informational Order, which issued on February 16, 2011 (ECF No. 4), discovery will not be opened until the Defendant has filed an answer.  At that time, an order opening discovery and setting various deadlines in the case will issue.  (Id.)  Thus, Plaintiff's request to open discovery is premature.

Further, while Plaintiff generally also requests "evidentiary and negotiation hearing," she provides no support or argument as to why any such hearings should be set at this time.  (ECF No. 41.)  Evidentiary hearings are not generally necessary in pro se inmate actions under Section 1983, but will be set if occasion and need arise.  As to a "negotiation hearing," the Court construes this to be a request for a settlement conference and/or for mediation to discuss possible settlement.  Any settlement conference and/or mediation will only be set if both parties to the action feel it will be beneficial, but no such action can take place until the Defendant has filed an answer and potentially has conducted some discovery.  Thus, Plaintiff's requests for "evidentiary and negotiation hearing" are also premature.

Finally, Plaintiff's general request for appointment of counsel is also denied at this time.  As indicated in prior orders in this action, the Court has exhausted its limited resources attempting to locate counsel willing to voluntarily represent Plaintiff.  (ECF No. 36.)  Further, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  Nothing in this order is intended to limit Plaintiff from attempting to secure legal representation via her own efforts and, as in the past, she is encouraged to do so.

---

[1] Service on Defendant Dr. Reeves is initiated in a concurrently issued order.

Accordingly, it is HEREBY ORDERED that:

(1) all Defendants other than Defendant Dr. Reeves and all claims other than Plaintiff's claim for deliberate indifference under the Eighth Amendment against Defendant Dr. Reeves are DISMISSED with prejudice from this action;

(2) Plaintiff's request to open discovery is DENIED without prejudices as premature;

(3) Plaintiff's requests for "evidentiary and negotiation hearing" are DENIED without prejudice as premature; and

(4) Plaintiff's request for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 8, 2013**                           **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE