# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. REEVES,<br><br>    Defendant. | Case No. 1:11-cv-00257-SMS<br><br>ORDER DISCHARGING<br>ORDER TO SHOW CAUSE<br>AND DIRECTING U.S. MARSHAL<br>TO SERVE DEFENDANT<br><br>(Doc. 47) |

Plaintiff Michann Meadows is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 27, 2014, the Court entered an order to show cause why this case should not be dismissed without prejudice in light of the U.S. Marshals inability to locate Defendant Reeves. Plaintiff responded on April 8, 2014, urging the Court not to dismiss her case, although she was unable to provide an updated address for Defendant. Thereafter, however, personnel of the California Attorney General, as counsel for the California Department of Corrections and Rehabilitation, identified a more recent address for Defendant, of which it has notified the U.S. Marshal. Accordingly, the Court discharges the order to show cause entered March 26, 2014.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the Court, shall serve the summons and complaint. F.R.Civ.P. 4(c)(3). "[A]n incarcerated

pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1975). Accordingly, the Court directs the U.S. Marshals Service to attempt service on Defendant at the address identified by the California Attorney General as Defendant's last known address.

    Accordingly, the Court hereby ORDERS:

1. The Order to Show Cause filed by the Court on March 27, 2014, is hereby discharged.

2. Within ten (10) days of this order, the Marshals Service is directed to notify Defendant Ernest Reeves, M.D., of the commencement of this action and to request waiver of service in accordance with the provisions of F.R.Civ.P. 4(d) and 28 U.S.C. § 566(c).

3. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

4. If Defendant does not return a waiver of service within sixty (60) days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon Defendant Reeves pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the CDCR to execute this order. The Marshals Service shall maintain the confidentiality of all information provided by CDCR pursuant to this order. In executing this order, the Marshals Service shall contact the

Legal Affairs Division of CDCR and request the assistance of a Special Investigator, as necessary.

    b.    Within ten (10) days after personal service is effected, the Marshals Service shall file the return of service for Defendant Reeves, along with evidence of any attempts to secure waiver of service of process and of the costs subsequently incurred in effecting service on Defendant Reeves. The costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of F.R.Civ.P. 4(d)(2).

5.    If Defendant waives service, he is required to return the signed waiver to the Marshals Service.  The filing of an answer or responsive motion does not relieve Defendant of this requirement.  The failure to return the signed waiver may subject Defendant to an order to pay the costs of service pursuant to F.R.Civ.P. 4(d)(2).

6.    Whether Defendant waives service or is personally served, he is required to reply to the complaint. 42 U.S.C. § 1997e (g)(2).

7.    The Clerk of Court is directed to serve a copy of this order on the U.S. Marshal Service.

IT IS SO ORDERED.

Dated:   **April 15, 2014**                              **/s/ Sandra M. Snyder**
                                                               UNITED STATES MAGISTRATE JUDGE