# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS, | Case No. 1:11-cv-00257-JLT (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF AN EXPERT WITNESS** |
| v. | |
| DR. REEVES, | **(Docs. 65, 69)** |
| Defendant. | |

This action is proceeding on Plaintiff's claim against Defendant Dr. Reeves alleging he sexually assaulted her during a gynecological examination in violation of the Eighth Amendment. (*See* Docs. 28, 42.) On October 21, 2014 and January 21, 2015, Plaintiff filed motions for appointment of an expert witness.[1] (Docs. 65, 69.) Plaintiff contends a gynecologist is needed to determine whether the manner in which Dr. Reeves conducted the examination was proper. Id. For the reasons set forth below, the motion is **DENIED**.

Federal Rule of Evidence 706 provides for court appointment of an expert witness upon a party's motion or on its own volition. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Fed. R. Evid. 702. The Court has the discretion to

---

[1] Though more than sufficient time has lapsed, Defendant has not responded to either of these motions. The motions are deemed submitted. L.R. 230(l).

appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), however, where the costs would likely be apportioned to the government, the Court should exercise caution. Plaintiff's *pro se*, *in forma* pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with her case and Rule 706 is not a meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issue raised by this litigation, at least at this point, does not appear to be of such complexity that the Court requires the assistance of a neutral expert at this time. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). Moreover, there are currently no pending matters in which the Court requires special assistance, Ford, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071. However, Plaintiff is not foreclosed from requesting appointment of an expert witness if/when the issues in this action are presented to the trier of fact.

Accordingly, Plaintiff's motions for the appointment of an expert witness are **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **March 10, 2015**                                    /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE