UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>             Plaintiff,<br><br>     v.<br><br>DR. REEVES,<br><br>             Defendant. | **Case No. 1:11-cv-00257 JLT (PC)**<br><br>**ORDER AFTER TELEPHONIC CONFERENCE RE: DISCOVERY DISPUTE** |

At the request of counsel for the plaintiff, the Court held an informal, telephonic conference regarding discovery disputes. After discussion with counsel, the Court **ORDERS**:

1. **No later than 5 p.m. on December 29, 2016**, counsel for the defendant will lodge via email to JLTOrders@caed.uscourts.gov or via USPS or overnight mail the unredacted eight pages of the investigation into the letter of instruction discussed at the conference for in camera review and copies of the inmate complaints provided to counsel for the plaintiff. The purpose of the review is to determine whether the 6 pages of the investigation not provided to plaintiff and the identities of the inmate complainants should be disclosed. In making this determination, the Court will proceed according to the scope of discovery set forth in Fed. R. Civ. P. 26;

2. **No later than January 6, 2017**, the CDCR SHALL provide to the parties an amended response to the subpoena issued by the plaintiff and MAY NOT refuse to produce documents merely because the documents were produced by a party. The CDCR is strongly

urged to provide a supplemental declaration more clearly setting forth whether the documents described in category 1 of the subpoena exist and, if so, whether they will be produced or why they will not be produced;

If upon receiving this amended response, the plaintiff is dissatisfied, she may file a motion to compel according to the requirements of Local Rule 251(c);

3.   For purposes of clarity, the telephonic trial confirmation hearing, previously set on January 6, 2017 is VACATED (*See* Doc. 116 at 1 n. 1);

4.   The parties are relieved of their obligation to provide the Court a status report related to impediments to commencing trial.  Rather, any such impediments should be raised as soon as they are known and, as necessary, in the joint pretrial statement;

5.   As to the request to amend the complaint, if the plaintiff chooses to proceed on a motion, she SHALL address Rule 16 and Rule 15 in doing so.  Likewise, she SHALL address whether the issues raised in the proposed amendment could be raised via an independent action.

IT IS SO ORDERED.

Dated:   **December 28, 2016**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE