UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. REEVES,<br><br>    Defendant. | Case No. 1:11-cv-00257 JLT (PC)<br><br>**ORDER AFTER IN CAMERA REVIEW** |

On December 28, 2016, the Court conducted an informal conference related to a discovery dispute. (Doc. 120) At the conference, counsel for the defendant agreed to produce the inmate complaints produced in redacted form to the plaintiff's attorney and the investigation resulting in the discipline to the Court to conduct an in camera review. The Court has done so.

As to the inmate complaints, it is important to note that the only information redacted before providing them to counsel, was the name of the inmate. Thus, the plaintiff has the benefit of knowing the entirety of the claims made. The question is only whether she should be provided the names of the inmate-complainants.

There are four complaints. In the first, an inmate claims that the defendant provided improper post-surgical care. The claim, while disturbing factually, bears no similarity to the issues raised in this litigation. There was no indication that the defendant comported himself similar to what has been alleged here and, at most, seems to describe a claim of medical

negligence.

The second complaint relates to an accusation that the defendant told a surgeon to remove a body part of an inmate during a surgery. However, there is no claim the defendant conducted the surgery and it is simply not plausible that a surgeon would forego his own training and expertise and remove an organ simply upon the say-so of the treating physician. Thus, even if the defendant recommended or urged the organ's removal, there is no causal connection between his conduct and the removal. Moreover, the fact that the defendant and another medical professional believed removal of the organ was necessary, this raises an inference that, indeed, it was necessary. In any event, nothing about this claim—except that it arose within the expertise of a gynecologist—bears any similarity to the facts of this case, including that there is no evidence the defendant displayed conduct similar to that alleged here. Even if the defendant was short-tempered when refusing to discuss the surgical results or when denying his involvement in the organ's removal, there is no indication that this evidence could possibly bear on the questions presented here.

In the third complaint, the inmate expressed that she felt the prescribed medication was making her ill. She reported that when she raised the issue with the defendant, he was rude and discourteous and failed to give weight to the patient's beliefs about the side effects of the medication. She reported also that the defendant made her feel uncomfortable when she discussed her concerns with him—presumably, due to his unmannerly demeanor.

In the final complaint, the inmate reports that the defendant intended to use gloves while conducting the examination that he had worn when touching unclean items. When questioned about using fresh gloves, the defendant only reluctantly agreed to do so and then conducted the examination in a manner that was unnecessarily rough. In doing so, the defendant displayed discourteous and rude conduct and, seemingly, used the rough technique in response to the inmate's complaints.

Finally, there is the investigation related to the discipline the defendant received. The Court does not have a copy of the action discipline letter provided to the defendant but the

1  investigation reveals nothing related to how he related to patients.  However, there are two entries
2  that seem related to patient.
3     While each of these complaints and the investigation is disturbing, the Court must be
4  guided by Federal Rule of Procedure 26(b)(1) when determining which of the pieces of
5  information are discoverable.  Notable, Rule 26(b)(1) reads,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

10 With this guidance in mind, the Court has determined that of the inmate complaints, only the
11 identity of the inmate who complained about the defendant's demeanor and conduct during the
12 gynecological procedure, shall be disclosed.  The allegations of the complaint bear a resemblance
13 to portions of the facts alleged here.  This inmate may be able to provide information that bears
14 on the specific issues raised in this litigation.
15    As to the other three inmate complaints, they bear no similarity to the plaintiff's claims,
16 have no ability to elucidate the facts at issue or to assist the trier of fact and are not important in
17 resolving the liability or damage questions.  Thus, invading these complianants' privacy is not
18 justified.  Likewise, discovery into these complaints would take the parties far afield and,
19 therefore, it is not proportional to the needs of the case.
20    Finally, as to the investigation into the personnel matter, the Court agrees, for the most
21 part that the investigation has no bearing on the plaintiff's claims and, consequently, is not
22 proportional to the needs of the case.  However, two entries seem to relate to patient care
23 competency and should be provided.  As a result, the Court **ORDERS**:
24    1.   The identity of the complainant in the complaint dated March 22, 2006 (pages 11
25 through 14/Bates numbers 4708 through 4711) **SHALL** be disclosed to counsel for the plaintiff;
26    2.   The entry dated June 22, 2010 at "8:44:19AM" and the fourth full paragraph of
27 page "5 of 8" of the investigation, beginning "On or about March 16, 2010 . . .," **SHALL** be
28

1 disclosed to counsel for the plaintiff;

2     3. These disclosures **SHALL** be made via email and **SHALL** occur no later than 5 p.m. on January 3, 2017;

4     4. All other requests for disclosure are **DENIED**.

IT IS SO ORDERED.

Dated: **December 29, 2016**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE