UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHANN MEADOWS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. REEVES,<br><br>    Defendant. | Case No. 1:11-cv-00257 JLT (PC)<br><br>**ORDER GRANTING STIPULATION TO AMEND RPETRIAL DEADLINES**<br><br>**(Doc. 122)** |

Counsel have filed a stipulation to extend the pretrial deadlines.[1] (Doc. 122) The date counsel propose for the pretrial conference would leave insufficient time for filing, opposing and hearing motions in limine. Thus, though the Court will extend the deadlines, the Court must set some pretrial deadlines at this time. Consequently, the Court **ORDERS**:

1.   Plaintiff's pretrial statement, including any motions for attendance of incarcerated witnesses and motions for attendance of unincarcerated witnesses who refuse to testify voluntarily, **SHALL** be filed no later than **February 24, 2017**;

2.   Defendant's pretrial statement and any opposition to Plaintiff's motion for

---

[1] The Court notes that the plaintiff indicates that she intends to file a motion to amend her complaint to name the CDCR for purposes of seeking injunctive relief. The Court makes no comment as to the likelihood of success for such a motion. However, the Court notes that despite the passage of the deadline to amend pleadings (Doc. 53 at 2), despite that the plaintiff originally sought this relief against this defendant but chose to proceed without these claims (Doc. 41) and despite the passage of nearly three weeks since this topic was first introduced by plaintiff's counsel (Doc. 119), plaintiff has taken no action to seek to amend the pleading.

1

1   attendance of witnesses **SHALL** be filed no later than **March 24, 2017**;

2       3.    If any inmate witness is discovered after **February 24, 2017**, Plaintiff may file a

3   supplemental motion for the attendance of incarcerated witnesses.  However, any such motion

4   **SHALL** be filed no later than **March 28, 2017**[2], and **SHALL** set forth good cause for the late

5   filing.  If such a motion is filed, the defendant's objections **SHALL** be filed no later than **April 4,**

6   **2017**;

7       4.    The pretrial conference is continued to **April 3, 2017** at 1:30 p.m.;

8       5.    No later than **March 28, 2017**, the parties **SHALL** exchange exhibit lists via e-

9   mail or fax.  A copy of any exhibit not previously disclosed, **SHALL** be provided with the exhibit

10  list;

11      4.    No later than **March 28, 2017**, the parties **SHALL** exchange witness lists via e-

12  mail or fax;

13      5.    Any party may file motions in limine.  The purpose of a motion in limine is to

14  establish in advance of the trial that certain evidence should not be offered at trial.  "Although the

15  Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed

16  pursuant to the district court's inherent authority to manage the course of trials."  <u>Luce v. United</u>

17  <u>States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d

18  436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the

19  evidence in question, only if the moving party establishes that the evidence clearly is not

20  admissible for any valid purpose.  <u>Id</u>.

21  Any motions in limine must be filed with the Court by **April 7, 2017**.  The motion must

22  clearly identify the nature of the evidence that the moving party seeks to prohibit the other side

23  from offering at trial. Any opposition to the motion must be served on the other party, and filed

24  with the Court by **April 14, 2017**. No replies are authorized.  The Court sets a hearing on the

---

[2] The Court observes that if such a motion is not filed until this late date, it is possible that even if the motion is granted, there will be insufficient time to obtain the attendance of incarcerated witnesses at trial.  Generally, the Court must give the custodial officer at least four weeks' notice to ensure that a prisoner can be transported.  Thus, the plaintiff is urged to file her motion for the attendance of incarcerated witnesses as soon as possible.  Her failure to do so may result in the Court determining that it lacks the ability to provide the relief sought.

motions in limine on **April 17, 2017**, at 10:00 a.m.  Appearances via Courtcall are authorized.

In advance of filing any motion in limine, counsel **SHALL** meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties **SHALL** file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.  **Failure to provide the certification may result in the Court refusing to entertain the motion**;

5. The parties **SHALL** serve, via e-mail or fax, their joint proposed jury instructions in accordance with Local Rule 163 and their joint proposed verdict form on one another no later than **April 14, 2017**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **March 28, 2017**.

**Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

   Dated:   **January 17, 2017**                **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE